UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| THOMAS CLARK, | Case No. 17-cv-00371-JCS |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT** |
| NANCY A. BERRYHILL, | Re: Dkt. No. 26 |
| Defendant. | |

## I. INTRODUCTION

In this appeal of an adverse social security disability determination, the Court previously entered judgment in favor of Plaintiff Thomas Clark, with an instruction that Defendant Nancy Berryhill, Acting Commissioner of Social Security (the "Commissioner"), award benefits to Clark on remand rather than conduct additional administrative proceedings. The Commissioner now moves to alter or amend judgment. For the reasons discussed below, the motion is DENIED.[1]

## II. BACKGROUND

This order assumes for the parties' familiarity with the facts and procedural history of the case. A more detailed summary of Clark's medical history and the procedural background of his efforts to obtain Social Security benefits is included in the Court's previous order granting Clark's motion for summary judgment. *See generally* Order on Mots. for Summ. J. ("S.J. Order," dkt. 23).[2] In brief, Clark suffered from mental and physical impairments, and an administrative law judge (the "ALJ") denied his application for disability benefits. The Court held that the ALJ erred

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c).
[2] *Clark v. Berryhill*, No. 17-cv-00371-JCS, 2018 WL 3659052 (N.D. Cal. Aug. 2, 2018). Citations herein to the Court's previous order refer to page numbers of the version filed in the Court's ECF docket.

in rejecting testimony from a treating doctor, Dr. Raj, and examining doctor, Dr. Franklin, among other errors. The Court remanded the case for an award of benefits.

The Commissioner now moves to alter judgment, arguing that the instruction to award benefits rather than allow further administrative proceedings was manifest error. *See* Mot. to Alter J. (dkt. 26). The Commissioner does not challenge on this motion the Court's determination that the ALJ erred. *Id.* Clark opposes the motion, Opp'n to Alter J. (dkt. 27), and the Commissioner did not file a reply brief.

### III. ANALYSIS

#### A. Legal Standard

Rule 59(e) provides that a party may file a "motion to alter or amend a judgment." Fed. R. Civ. P. 59(e). The Ninth Circuit has explained the standard for a motion under Rule 59(e) as follows:

> "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam) (internal quotation marks omitted). But amending a judgment after its entry remains "an extraordinary remedy which should be used sparingly." *Id.* (internal quotation marks omitted). In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law. *Id.*

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1112 (9th Cir. 2011). This Rule "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been made prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation omitted). In this case, the Commissioner relies on the first avenue for relief, claiming manifest error. *See* Mot. to Alter J. at 1.

#### B. Rule 59(e) Relief Is Not Warranted

As a starting point, the Commissioner's present motion is procedurally improper, because each argument raised therein either was or could have been raised in her earlier motion for summary judgment. The motion is therefore DENIED on the basis that Rule 59(e) "may not be

used to relitigate old matters, or to raise arguments or present evidence that could have been made prior to the entry of judgment." *Exxon Shipping*, 554 U.S. at 485 n.5. The Court nevertheless briefly addresses some of the Commissioner's arguments below.[3]

Questions as to Clark's credibility do not establish sufficient grounds to reject the opinions of his treating doctors. The Commissioner argues that the opinions of Drs. Raj and Franklin "rested upon the faulty foundation of [Clark's] unreliable statements." Mot. to Alter J. at 1. As a starting point, the ALJ did not identify those doctors' reliance on Clark's statements as a reason to reject their opinions. The full extent of the ALJ's stated reasons for rejecting the opinions is as follows:

> No weight is given to Dr. Raj's findings regarding the claimant's ability to meet the mental demands of work. His findings were based upon a short-term treatment relationship and the limitations he identified are out of proportion to the findings that he reported and that have been reported by other mental health clinicians. Finally, no weight is given to Dr. Franklin's conclusions as she did not review and consider the claimant's prison medical records and her conclusions are not consistent with the claimant's history, including the evidence of stabilization of the claimant's psychiatric symptoms when he has been incarcerated and consistently maintained on psychotropic medication.

Admin. Record ("AR," dkt. 15) at 28–29. Nor did the ALJ's summary of those doctors' opinions provide any indication that the ALJ believed they improperly relied on Clark's self-reported statements. *See id.* at 26–28.

A district court may "review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014). Moreover, the purpose of the Ninth Circuit's credit-as-true rule is to prevent the sort of "'unfair "heads we win; tails, let's play again" system of disability benefits adjudication.'" that would result from "allowing the ALJ to revisit the medical opinions and testimony that [the ALJ] rejected for legally insufficient reasons." *Id.* at 1021–22 (quoting *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004)). Granting the Commissioner's

---

[3] Because the procedural posture of the case is reason enough to deny the present motion, this order does not specifically address every argument raised therein. The Court stands by its previous holdings even as to those issues not discussed again here.

3

motion to allow the ALJ to consider Drs. Raj and Franklin's reliance on Clark's statements for the first time on remand would contradict that rule.

Even if the Court were to provide such an opportunity, the adverse credibility finding against Clark would not be a sufficient reason to disregard Drs. Raj and Franklin's conclusions. Such an approach is appropriate where a doctor's opinion "is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (quoting *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999)). Here, both Dr. Raj and Dr. Franklin conducted their own tests and relied on their own observations, not only Clark's self-reports, to reach their conclusions. *See* AR at 579, 590, 980–87. Addressing similar circumstances, the Ninth Circuit has cautioned against extending a claimant's lack of credibility to disregard the opinions of mental health professionals:

> "A physician's opinion of disability premised to a large extent upon the claimant's own accounts of his symptoms and limitations may be disregarded where those complaints have been properly discounted." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (internal quotation marks and citation omitted).
>
> Dr. Kenderdine's opinion was based in part on Buck's self-report that he had trouble keeping a job. However, Dr. Kenderdine also conducted a clinical interview and a mental status evaluation. These are objective measures and cannot be discounted as a "self-report."
>
> Moreover, as two other circuits have acknowledged, "[t]he report of a psychiatrist should not be rejected simply because of the relative imprecision of the psychiatric methodology . . . ." *Blankenship v. Bowen*, 874 F.2d 1116, 1121 (6th Cir. 1989) (quoting *Poulin v. Bowen*, 817 F.2d 865, 873–74 (D.C. Cir. 1987)). Psychiatric evaluations may appear subjective, especially compared to evaluation in other medical fields. Diagnoses will always depend in part on the patient's self-report, as well as on the clinician's observations of the patient. But such is the nature of psychiatry. *See Poulin*, 817 F.2d at 873 ("[U]nlike a broken arm, a mind cannot be x-rayed."). Thus, *the rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental illness*. In the context of this case, Dr. Kenderdine's partial reliance on Buck's self-reported symptoms is thus not a reason to reject his opinion.

*Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) (emphasis added). Much like the psychologist in *Buck*, Drs. Raj and Franklin conducted a mental capacity examination, a clinical interview, and other tests. *See* AR at 579–81, 980–87. Discounting Dr. Franklin's opinions based on Clark's lack of credibility would be particularly inappropriate, as Dr. Franklin herself

acknowledged that Clark was not a reliable narrator and took that into account in reaching her conclusions. *See* AR at 985 (discussing concerns regarding possible malingering); *id.* at 986 (discussing "[t]he issue of his telling the truth").

The Commissioner relies on the Ninth Circuit's decisions in *Treichler v. Commissioner of Social Security Administration*, 775 F.3d 1090 (9th Cir. 2014), and *Dominguez v. Colvin*, 808 F.3d 403 (9th Cir. 2015), to argue that this case should be remanded for further proceedings rather than for an award of benefits. *See* Mot. to Alter J. at 3–6. For one thing, both of those decisions discussed the question as a matter of discretion, and neither held that a district court erred in remanding for an award of benefits. *Dominguez*, 808 F.3d at 408 (considering "whether the district court abused its discretion" in remanding for further proceedings, and holding that it did not); *Treichler*, 775 F.3d at 1103 (after determining that the district court erred in affirming the Commissioner, considering as a matter of the panel's discretion whether to require remand for further proceedings or for an award of benefits). That procedural posture alone makes it difficult to see how either of those cases would establish the sort of "manifest error" in this Court's previous order sufficient to support the "extraordinary remedy" of relief under Rule 59(e). *See Allstate*, 634 F.3d at 1112.

The facts of both *Treichler* and *Dominguez* are distinguishable from the present case. In *Treichler*, the panel determined that the claimant's testimony, which he sought to credit as true, conflicted with his treating urologist and nurses' "uniform[]" observations to the contrary. 775 F.3d at 1104. In *Dominguez*, the panel determined that the doctor's opinion that the claimant sought to credit was inconsistent with that doctor's own treatment notes and with the opinion of at least one other treating physician. 808 F.3d at 408–09. Here, the contrary opinion on which the ALJ primarily relied was from an examining but non-treating psychologist, Dr. El Sokkary, whose opinion was subject to some of the same limitations as Drs. Raj and Franklin. *See* S.J. Order at 51 ("It is worth noting that Dr. El Sokkary, like Dr. Franklin, relied on information provided by Clark and did not review Clark's prison records."). Unlike in *Treichler* and *Dominguez*, precedent establishes a clear hierarchy between Dr. Raj's opinion as a treating source and Dr. El Sokkary's opinion as merely an examining source. *See Garrison*, 759 F.3d at 1012 ("[T]he opinion of a

5

treating physician is thus entitled to greater weight than that of an examining physician . . . ."). That distinction, combined with the fact that Dr. Raj's opinions are generally supported by Dr. Franklin's opinions, leaves the Court with no doubt that the ALJ would have been required find Clark disabled if the ALJ had applied the correct analytical framework to those opinions.

As the Commissioner argues in her present motion, Mot. to Alter J. at 3 the analytical framework for determining whether to remand for further proceedings has three steps, to be considered in order: (1) whether the ALJ failed to provide sufficient reasons for rejecting opinions or testimony; (2) whether the record has been fully developed or whether outstanding issues, including "conflicts and ambiguities," remain to be resolved; and (3) whether, if the opinions at issue were credited as true, there would be no uncertainty as to the outcome. *Treichler*, 775 F.3d at 1100–01, 1103–05.

First, as addressed in the Court's previous order and not challenged by the Commissioner's present motion, the ALJ failed to provide sufficient reasons for rejecting Drs. Raj and Franklin's opinions. *See* S.J. Order at 45–51.

Second, further proceedings would serve no useful purpose. This Court does not interpret the "conflicts and ambiguities" language sometimes used in this step as requiring further proceedings whenever *any* medical opinion differs from the opinions sought to be credited as true, as such a rule would conflict with precedent. *See, e.g.*, *Garrison*, 759 F.3d at 1013 (noting that a consulting doctor's opinion conflicted with the opinion ultimately credited as true); *Varney v. Sec. of Health & Human Servs.*, 859 F.2d 1396, 1400 (9th Cir. 1988) (citing with approval *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1988), as a decision where the Ninth Circuit properly remanded for benefits where the "evaluations of the [Social Security Administration's] examining physicians had differed from that of the treating physician" and the "ALJ erred by not giving specific reasons for disregarding the opinion of a treating physician"). The Commissioner relies here on Drs. El Sokkary and Bilik's opinions to create a purported conflict requiring further proceedings. Mot. to Alter J. at 5. Dr. El Sokkary is a non-treating source whose opinion suffers from the same limitations—failure to review prison medical records and partial reliance on Clark's own statements—that the ALJ cited to discount Dr. Franklin's testimony. *See* S.J. Order at 51.

1  Dr. Bilik was a consultant who never met Clark and whose opinions were not specifically
2  identified in the ALJ's decision.  *See* AR at 28 (giving "great weight to the opinion of the State
3  Agency medical consultant . . . as that opinion is supported by the record as a whole," citing an
4  exhibit including opinions of multiple consultants).  In considering the remedy for an ALJ's
5  erroneous decision to disregard a *treating* doctor's opinion (Dr. Raj), which was supported by
6  another examining doctor's opinion (Dr. Franklin), Drs. El Sokkary and Bilik's opinions would
7  not be sufficient for the ALJ to disregard Drs. Raj and Franklin's opinions on remand, and these
8  are certainly not the sort of conflicts that *require* further proceedings such that this Court's
9  exercise of discretion to award benefits was a manifest error.  *See Varney*, 859 F.2d at 1400 (citing
10 *Winans*, 853 F.2d at 647).

Finally, the last step is whether the ALJ would be required to find Clark disabled if the opinions at issue were credited, and the Commissioner's present motion does not challenge the Court's conclusion on that point.  *See* S.J. Order at 59 (discussing how Drs. Raj and Franklin's opinions establish that Clark satisfied the criteria for certain listed impairments).  Remand with instruction to award benefits therefore was and remains the appropriate outcome.

## IV. CONCLUSION

For the reasons discussed above, the Commissioner is not entitled to the "extraordinary remedy" of relief under Rule 59(e).  *See Allstate*, 634 F.3d at 1112.  The motion to alter judgment is DENIED.

**IT IS SO ORDERED.**

Dated: March 20, 2019

JOSEPH C. SPERO
Chief Magistrate Judge